UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20947-CIV-HOEVELER

GEICO GENERAL INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

RIAN A. MAERCKS,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS, WITHOUT PREJUDICE

This cause is before the Court on the Defendant's motion to dismiss. Defendant argues that this case should be dismissed without prejudice, as the Plaintiff has raised issues herein which are presently before a state court in a related proceeding.

In July 2009, Rian A. Maercks was injured in a motor vehicle accident caused by Jose Serpa, a reportedly underinsured/uninsured driver who was driving a vehicle owned by Lazaro Serpa and Maria Serpa. At the time of the accident, Maercks was insured under a personal umbrella policy, Policy P 6074964, issued by GEICO.

On January 6, 2010, Maercks filed suit in the Circuit Court for Miami-Dade County against the Serpas and GEICO, Case No. 2010-000399-CA-09, seeking damages for the negligence of Jose Serpa - including vicarious liability against Lazaro and Maria Serpa[1], and specifically seeking underinsured/uninsured

---

[1] A review of the state court record indicates that Maria Serpa was dismissed from that action on Feb. 16, 2010.

1

motorists coverage from GEICO (see Count III). GEICO filed an Answer to the state court complaint on March 1, 2010, and included affirmative defenses which denied coverage. Specifically, GEICO claimed that Maercks had no uninsured/underinsured coverage at the time of the accident. Answer, ¶¶ 28, 31.

Three weeks after filing an answer to Maercks' state court complaint, GEICO initiated this federal case.[2] In the instant case, GEICO seeks a declaration that no coverage existed at the time of the accident.[3]

The Court finds that there is a close nexus between the underlying factual and legal issues and state law, and that the issue in this case, i.e., whether coverage was in effect at the time of the accident - is also a question before the state court. Specifically, the question of whether or not Maercks had underinsured/uninsured coverage is necessary to the resolution of Count III in the state case, and is the same issue on which GEICO seeks relief before this Court.

While GEICO argues that the issues are not parallel, the Court disagrees - as both cases require a determination as to whether or not coverage exists. GEICO claims that it has "not taken any affirmative steps in the state court action to prove that coverage did not exist under the policy" but the Court notes that in the state

---

[2]Maercks argues that GEICO filed this federal action in an attempt to obtain a federal hearing since the state matter was not subject to removal (due to a lack of diversity jurisdiction because of the non-diverse Serpa co-defendants).

[3]GEICO claims that at the time of the accident the umbrella insurance policy specifically excluded uninsured and underinsured motorists coverage, and it was not until after the accident that Maercks asked to include underinsured/uninsured coverage in his umbrella policy.

2

court action, Maercks is seeking benefits pursuant to such coverage and the state court necessarily will have to resolve the question of whether such coverage was in effect.

This Court has determined that the interests of efficiency and comity are such that I should abstain from exercising jurisdiction over this claim while the action remains pending in state court. Having considered the factors outlined in Ameritas Variable Life Insur. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005), the Court finds that there is no useful purpose for this Court to take jurisdiction while the issue in this case is being addressed in the state court. Based on the above, it is

ORDERED AND ADJUDGED that the Defendants' motion to dismiss without prejudice is GRANTED.

DONE AND ORDERED in Miami, Florida, this 15th day of July, 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to: counsel of record